UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE LEWIS,<br><br>               Plaintiff,<br><br>    v.<br><br>WELSH,<br><br>               Defendant. | Case No. 1:19-cv-01468-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 30) |

Tyrone Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.

On December 18, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 30). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his imprisonment and positive COVID-19 test will greatly limit his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because Plaintiff is currently in quarantine and his institution of confinement is on indefinite lockdown due to COVID-19 outbreaks; because Plaintiff is a CCCMS inmate and has no access to the law library; because Plaintiff has very limited knowledge of the law; and because a trial in this case will involve conflicting testimony and counsel would enable Plaintiff to properly respond to motions, follow court rules, present evidence, and cross examine witness.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, it appears that Plaintiff can adequately articulate his claim.

If Plaintiff needs additional time to respond to a deadline due to COVID-19 restrictions, he may file a motion for an extension of that deadline.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 23, 2020**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE